```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN
```

| | |
|---|---|
| **THE BANK OF NOVA SCOTIA,** )<br>)<br>       **Plaintiff,** )<br>)<br>       v. )<br>)<br>**DAVID BASS, LOCHTON BASS,** )<br>)<br>       **Defendants.** )<br>)<br>) | Civil No. 2006-117 |

**APPEARANCES:**

**Carol Ann Rich**
Dudley Rich Davis LLP
St. Thomas, U.S.V.I.
    *For The Bank of Nova Scotia,*

<u>**ORDER**</u>

**GÓMEZ, J.**

Before the Court is the motion of the Bank of Nova Scotia to vacate two orders.

<u>**FACTUAL AND PROCEDURAL HISTORY**</u>

On June 25, 2006, the Bank of Nova Scotia ("BNS") commenced a debt and foreclosure action against David Bass and Lochton Bass (collectively the "Defendants"). BNS alleged that the Defendants had defaulted on a note secured by a mortgage on Parcel No. 394-17 Estate Anna's Retreat, No. 1 New Quarter, St. Thomas, United States Virgin Islands (the "property").

Case: 3:06-cv-00117-CVG-RM   Document #: 49   Filed: 03/03/17   Page 2 of 8

The Bank of Nova Scotia v. David Bass, et al.
Civ. No. 2006-117
Order
Page 2

Significantly, David Bass died on June 2, 2003--over three years before BNS commenced this action.

On August 18, 2006, BNS filed proofs of service on the defendants. The affidavit of service on David Bass indicated that service was effected by delivering the complaint and summons to "Lochton Bass, son of David Bass, who is deceased." *See* ECF No. 44, Exh. 2 at 4.

Neither defendant answered BNS's complaint. On September 13, 2006, BNS moved for entry of default against the defendants. In support of its motion for entry of default, BNS filed an affidavit of counsel. The affidavit asserted that "Defendants, David and Lochton Bass, were personally served with the Summons and Complaint, as evidenced by the [affidavits of service]." *See* ECF No. 44, Exh. 2 at 3.

On October 13, 2006, the Clerk of Court entered default against the defendants. On July 26, 2007, BNS moved for default judgment. On December 6, 2007, BNS filed a unilateral consent to jurisdiction by the Magistrate Judge. Subsequently, on December 10, 2007, the Magistrate Judge awarded default judgment to BNS.

On September 13, 2010, the property was sold at a sale conducted by the Office of the United States Marshal. On September 28, 2010, BNS moved for an order confirming the sale.


*The Bank of Nova Scotia v. David Bass, et al.*
Civ. No. 2006-117
Order
Page 3

On August 4, 2011, the Court held that, because the Defendants had not consented to the authority of the Magistrate Judge, the Magistrate was without authority to enter default judgment. Accordingly, the Court vacated the December 10, 2007, default judgment. Specifically, the Court held

> There is no evidence in the record that the defendants consented to the authority of the Magistrate Judge. Indeed, given the fact that default judgment was entered against them, it is impossible that they could have given such consent. As such, the Magistrate Judge was without authority to enter the judgment entered on December 10, 2007.

*See* ECF No. 32 at 5.

After vacating the Magistrate's December 10, 2007, order, the Court *sua sponte* considered BNS's motion for default judgment. On August 26, 2011, the Court granted BNS's motion for default judgment against the defendants *nunc pro tunc* to December 10, 2007. On September 1, 2011, BNS renewed their motion for an order confirming the sale of the property. On September 16, 2011, the Court granted the motion and confirmed the sale.

BNS now moves to (1) vacate the August 26, 2011, default judgment entered against David Bass; and (2) vacate the September 16, 2011, order confirming the sale of the property. BNS argues that the default judgment entered "against David Bass is void, because it was entered based upon the mistaken belief

Case: 3:06-cv-00117-CVG-RM   Document #: 49   Filed: 03/03/17   Page 4 of 8

The Bank of Nova Scotia v. David Bass, et al.
Civ. No. 2006-117
Order
Page 4

that . . . David Bass had been personally served (which was impossible), and because this Court never had personal jurisdiction over the lawful heirs of David Bass." ECF No. 44 at 3-4.

## DISCUSSION

Federal Rule of Civil Procedure 60 ("Rule 60") provides that a "court may relieve a party . . . from a final judgment, order, or proceeding" for several reasons. See Fed. R. Civ. P. 60(b). One such circumstance where a judgment may be vacated under Rule 60 is where "the judgment is void."[1] Fed. R. Civ. P. 60(b)(4). A motion for relief from a void judgment "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

## ANALYSIS

David Bass died before BNS commenced this action. The Court subsequently purported to enter judgment against David Bass.

"Federal Rule of Civil Procedure 17 ["Rule 17"] governs . . . the determination of a party's capacity to sue and be sued" in federal court. *Esposito v. United States*, 368 F.3d 1271, 1273

---

[1] BNS also asserts that Rule 60 relief is available because BNS's failure to properly serve David Bass was the result of "mistake, inadvertence, surprise, or excusable neglect." See Fed. R. Civ. P. 60(b)(1). To obtain relief from a final judgment on this ground, however, a Rule 60 motion "must be made . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The judgment and order BNS which seeks relief from were entered on August 26, 2011, and September 16, 2011, respectively.

Case: 3:06-cv-00117-CVG-RM Document #: 49 Filed: 03/03/17 Page 5 of 8

The Bank of Nova Scotia v. David Bass, et al.
Civ. No. 2006-117
Order
Page 5

(10th Cir. 2004) (internal quotation marks omitted). "Capacity" in this sense "refers to a party's personal right to litigate in a federal court." *Id.*

"[A] party must have a legal existence as a prerequisite to having the capacity to sue or be sued." *Adelsberger v. United States*, 58 Fed. Cl. 616, 618 (2003); *see also Kuttner v. Zaruba*, 819 F.3d 970, 972 n.1 (7th Cir. 2016) (not recognizing defendant named in complaint because it had "no legal existence"); *Brown v. Fifth Judicial Dist. Drug Task Force*, 255 F.3d 475, 477 (8th Cir. 2001) (suggesting that "questions of legal or juridical existence and capacity to sue and be sued are distinct" but recognizing that only "legal entities" are "subject to suit"). "A person who dies prior to filing suit is not a legal entity," and thus does not have the capacity to be sued. *Id.*; *see also Bratcher v. Mathena*, No. 7:15CV00500, 2016 WL 4250500, at *1 (W.D. Va. Aug. 10, 2016) ("A dead man obviously cannot be named party defendant in an action." (alteration and internal quotation marks omitted)); *Fowler v. U.S. Bank Nat. Ass'n.*, No. C07-5589RBL, 2007 WL 4562900, at *3 (W.D. Wash. Dec. 20, 2007) ("A person who dies prior to filing suit is not a legal entity." (internal quotation marks omitted)), *aff'd*, 362 F. App'x 682 (9th Cir. 2010).

*The Bank of Nova Scotia v. David Bass, et al.*
Civ. No. 2006-117
Order
Page 6

In another case involving the Bank of Nova Scotia, BNS filed a debt and foreclosure action against several defendants, including James Dean and Andrea Dean, on June 13, 2011. *See Bank of Nova Scotia v. Dean*, No. CV 2011-64, 2016 WL 1242536, at *1 (D.V.I. Mar. 28, 2016).

> BNS requested relief in the form of a debt judgment; a finding that BNS holds a first priority lien; foreclosure; and a deficiency judgment, if necessary
> On June 21, 2011, BNS filed the death certificate of James Dean, indicating that he had died on June 8, 2010.

*Id.* at *1.

With respect to the claims filed against James Dean, the Court held:

> A complaint against a dead person is a nullity. *Accord Johnson v. Schiff*, No. 9:11-CV-0531 MAD/TWD, 2013 WL 5466218, at *5 (N.D.N.Y. Sept. 13, 2013) ("When a party dies prior to being served, the procedure set forth in Federal Rule of Civil Procedure 25 to substitute a 'proper party' for the deceased party does not apply, the action against the deceased is a 'nullity,' and the deceased party should be dismissed with prejudice."), *report and recommendation adopted,* No. 9:11-CV-00531 MAD, 2013 WL 5466638 (N.D.N.Y. Sept. 30, 2013); *Chorney v. Callahan,* 135 F. Supp. 35, 36 (D. Mass. 1955)("As originally filed, this action was brought against a named defendant who was already dead. At that point the purported action was a nullity, for a dead man obviously cannot be named party defendant in an action."). As such, no claims are--or ever were-- pending against James Dean.

*Id.* at *2

The circumstances presented here are similar. David Bass was dead three years prior to the initiation of the instant action. Under those circumstances "no claims are--or ever were—pending," *id.*, against David Bass.

It is well-settled that a purported judgment against something that does not legally exist is void. *See Google, Inc. v. Cent. Mfg. Inc.*, 316 F. App'x 491, 495 (7th Cir. 2008) ("Instead Google sued what the bankruptcy court had already found were names, not legal entities, which normally renders a suit void *ab initio*."); *Buzard v. Helvering*, 77 F.2d 391, 393 (D.C. Cir. 1935) (explaining that "the effect of the dissolution of a corporation is to terminate its existence as a legal entity, and render it incapable of suing or being sued as a corporate body or in its corporate name," thus "any judgment attempted to be given against it is void"); *Vitek v. AIG Life Brokerage*, No. 2:06-CV-0615, 2007 WL 682431, at *4 (S.D. Ohio Feb. 27, 2007) ("It is well-established that both a plaintiff and a defendant in a lawsuit must be legal entities with the capacity to be sued. If a defendant in a lawsuit is not an actual or legal entity, then any judgment rendered against that entity is void." (citations omitted)); *Banakus v. United Aircraft Corp.*, 290 F. Supp. 259, 260 (S.D.N.Y. 1968) ("Since Holochuck was dead when the action for personal injuries was

commenced, that action must be treated as a nullity . . . ."); *Chorney v. Callahan*, 135 F. Supp. 35, 36 (D. Mass. 1955) ("As originally filed, this action was brought against a named defendant who was already dead. At that point the purported action was a nullity, for a dead man obviously cannot be named party defendant in an action.")

The premises considered, it is hereby

**ORDERED** that the August 26, 2011, default judgment as to David Bass is hereby **VACATED**; it is further

**ORDERED** that the September 16, 2011, order confirming sale is hereby **VACATED**; and it is further

**ORDERED** that BNS's claims against David Bass are **DISMISSED**.


S\_____
**Curtis V. Gómez**
**District Judge**